Chief Justice Robertson,
delivered the opinipn of the court.
In the year 1800, Richard Adams of Virginia died. By his will, which was proved and admitted to record in the general court of Virginia, in the year 1800, he devised twenty thousand acres of *584 land, on the Kentucky river and Eagle creek, in this state, to his executors with power to sell, directing them to distribute the proceeds among his' children, after paying his debts, if the fund, which he had first charged therewith, should be insufficient.
The executors nominated in the will, refused to undertake the execution of the trust'; and thereupon, John Adams was appointed administrator with the will am nexed.
In IS26, the will was admitted to record in the'clerk’s office of this court, conformably to the act of 1820 (II Dig. 1247.) And shortly thereafter, was admitted to ■record in the clerk’s office of the county court of Owen county, in which the land or part of it lies-.
In 1824, the county court of Owen county, made an 'order appointing Samuel Todd administrator with the will annexed; and he, shortly afterwards, sold and conveyed to John J. Marshall (the lessor) the aforesaid tract of twenty thousand acres; with the following reservation and eepextion. “It is understood however, that said Richard in his lifetime, sold and conveyed, or gave his bond to convey about three thousand nine hundred acres of said land, two thousand five hundred to William May, and one thousand four hundred to Robert Andrew's. It is also understood, that he may perhaps have disposed of about eight hundred acres more, or thereabouts"; that quantity has been conveyed in compliance, and performance of a contract of said Richard. If such shall turn out to be the fact, eight hundred acres thus conveyed, together with the three thousand acres, are excepted.’’
The defendants claimed, under a bond from Samuel G. Adams, (one of the sons and devisees of Richard Adams) executed for eight hundred and eighty-eight acres of the twenty thousand acres, in the year 1800; and proved by Samuel Todd, the vendor to Marshall, that the land occupied by the defendants, raider the bond from S. G. Aadams, was the tract of “about eight hundred acres” intended to be excepted from the sale to Marshall.
The counsel for the plaintiff objected to the testimo ny of Todd, but the objection was overruled, and the plaintiff excepted.
Paro) evi. deuce is inad* misslbleto ¿^"¿(a<uo a
Crittenden, for plaintiff; Roberts, for defendants.
Whether Todd’s testimony was admissible or hot, is the only question presented for consideration, by the as-signmentof errors.
The exception of the tract of “about eight hundred •acres” is contingent; it depends on the fact of a sale of such a tract by R:chard Adams; andas this tract, if. so sold, is not otherwise described in the deed, parol evidence was competent to identify it. But such evidence was not admissible to contradict or materially •alter the exception in the deed.
As the deed excepts only land sold by Richard Ad•ams, proof that Samuel G. Adams had sold land, was " irrelevant and illegal, unless it .had also been proved, that he had acted as the agent of Richard, or only cov••enanted to convey what Richard had sold.
Todd’s testimony was therefore, insufficient to prove, "that the land held by the defendants had been excep- ’ ted from the conveyance to Marshall; such evidence is inconsistent with the deed.
Todd’s authority to sell the land, seems not to have been "questioned by the circuit court, neither the regularity or effect of his appointment as administrator, nor his right to convey, if his appointment be valid, can be considered by this court; in the attitude in which the ■ case now stands here on a writ of error by Marshall-.
Judgment reversed, and cause remanded, for a new 'trial.